U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 31 2009
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHNNY EDWARD BURNS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-669-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Johnny Edward Burns, TDCJ-ID #1337694, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

In 2005 Burns was indicted in Palo Pinto County with manufacturing a controlled substance. (Clerk's R. at 1) A jury found him guilty of the offense, and the trial court assessed his punishment at fifty years' confinement and a $10,000 fine. (*Id.* at 55) Burns appealed his conviction, but the Eleventh District Court of Appeals affirmed the trial court's judgment. *Burns v. Texas*, No. 11-05-394-CR, slip op. (Tex. App.–Eastland Oct. 18, 2007). The Texas Court of Criminal Appeals dismissed Burns's petition for discretionary review as untimely filed. *Burns v. Texas*, PDR No. 1781-07. Burns filed a state postconviction application for writ of habeas corpus, raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order. *Ex parte Burns*, Application No. WR-70,779-01, at cover. This federal petition followed.

The evidence at trial reflected that in the early morning hours of August 1, 2004, Mineral Wells Police Officer Randy Wright received an anonymous tip of a possible methamphetamine lab at 309 Long Drive. (Reporter's R., vol. 5, at 28-38) The Cross Timbers Narcotic's Task Force was contacted, and Wright and two other law enforcement officers went to the residence. Wright went to the rear of the house and the other two officers knocked on the front door. As Wright approached the back door, he smelled the odor of anhydrous ammonia, used in manufacturing methamphetamine, and he heard someone running. Burns burst out the door, and Wright announced himself as a police officer and advised Burns to stop. Burns continued to run, and Wright pursued him and tackled him to the ground. Wright found plastic tubing and a lithium battery in Burns's rear pocket. Wright was familiar with Burns's reputation and was not surprised to find the items on his person. (*Id.* at 48) In the house, numerous items and substances used in manufacturing methamphetamine were seized or photographed and destroyed. (*Id.* at 50-79) Forensic testing

2

revealed methamphetamine including adulterants and dilutants in an amount greater than 400 grams. (*Id.* at 90-111)

### D. ISSUES

Burns claims his counsel on appeal was ineffective by relying on a legal theory that had been overruled and by failing to raise a factual insufficiency of the evidence issue. (Petition at 7)

### E. RULE 5 STATEMENT

Quarterman believes that Burns has sufficiently exhausted his claims as required under 28 U.S.C. § 2254(b). (Resp't Answer at 5)

### F. DISCUSSION

#### 1. *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.

3

*Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). In this context, to establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance he would have prevailed on appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89.

Burns claims his counsel on appeal rendered ineffective assistance because counsel relied upon a legal theory that had been overruled and because counsel failed to argue that the evidence was factually insufficient to support his conviction. In appellant's brief, counsel presented only one issue for review, a legal insufficiency of the evidence claim, and, although counsel cited to *Jackson v. Virginia*, *infra*, he relied primarily upon *Moore v. Texas*, 640 S.W.2d 300 (Tex. Crim. App. 1982), which had been abandoned by the Texas Court of Criminal Appeals. The state appellate court, noting only that the legal theory cited by Burns had been abandoned, affirmed the trial court's judgment.

Thereafter, Burns raised his ineffective assistance claims in his state habeas application, which was denied without written order by the Texas Court of Criminal Appeals. This constitutes an adjudication on the merits by the state court and is entitled to the presumption of correctness. In the absence of a written opinion or express findings of fact, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11. Thus, assuming the state court applied the familiar *Strickland* attorney-performance standard to Burns's ineffective assistance claims and made factual findings consistent with the denial of the claims, we defer to the state court's determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

As to Burns's first claim, assuming, without deciding, that counsel was deficient by relying on case law that had been overruled, Burns cannot demonstrate prejudice. Under the *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), standard for evaluating the legal sufficiency of the evidence, a court views all the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.* Direct and circumstantial evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict. *See United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses. *United States v. Barksdale-Contreras*, 972 F.2d 111, 114 (5th Cir. 1992). The indictment alleged that Burns knowingly manufactured "by a combination of extraction and chemical synthesis a controlled substance namely methamphetamine in an amount of 400 grams of more." (Clerk's R. at 1) *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(25), 481.112(a), (f) (Vernon 2003 & Supp. 2008). When viewed in the light most favorable to the verdict, the evidence, both direct and circumstantial, was plainly sufficient to allow a rational trier of fact to conclude that Burns knowingly manufactured methamphetamine in an amount of 400 grams or more.

As to Burns's second claim, appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Burns argues

that the evidence shows merely that he ran from a residence where methamphetamine was being manufactured, that Officer Wright noticed a strong odor of anhydrous ammonia, a chemical used to manufacture methamphetamine, when he approached the house, that law enforcement was aware of his reputation, and that items that could be used in manufacturing methamphetamine were found on his person. (Pet'r Reply at 5-6) According to Burns, at best, from this evidence, the jury could only speculate that he may have had an opportunity to participate in a crime, which does not establish the fact of his commission of the charged offense.

Under Texas law, in a factual sufficiency review, all the evidence is considered equally. *See Clewis v. Texas*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *See Johnson v. Texas,* 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Cain v. Texas,* 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *See Watson v. Texas,* 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson,* 23 S.W.3d at 11. Ample evidence was presented in the case against Burns to negate any concern that his conviction was clearly wrong or manifestly unjust. Burns has failed to show any basis upon which appellate counsel could have secured a reversal of his conviction based on the ground of factual insufficiency of the evidence. Prejudice does not result from appellate counsel's failure to assert a meritless claim or a meritless argument. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Burns's has not demonstrated that the state habeas courts' adjudication of his ineffective

assistance claims was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings.

## II. RECOMMENDATION

Burns's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 21, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 21, 2009, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 31, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE