Case 4:08-cv-00669-A   Document 24   Filed 01/08/10   Page 1 of 5   PageID 120



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHNNY EDWARD BURNS, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-669-A |
| | § | |
| RICK THALER, | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Johnny Edward Burns ("Burns") is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On July 31, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any thereto, by August 21, 2009. Burns timely filed his objections, and respondent made no further response.

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As characterized by the magistrate judge, Burns asserts that he is entitled to relief on the grounds that his counsel was ineffective on appeal because he relied on a legal theory that had been overruled and because he failed to raise an issue on appeal as to the factual insufficiency of the evidence.

Ineffective assistance of counsel claims are governed by the familiar standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984), requiring Burns to show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. The same standard applies to claims of ineffective assistance of appellate counsel. <u>Styron v. Johnson</u>, 262 F.3d 438, 450 (5th Cir. 2001).

2

Judicial scrutiny of this type of claim must be highly deferential, and the applicant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

The magistrate judge found that even assuming Burns's counsel was deficient by relying on appeal on a theory that had been overruled, Burns still failed to establish prejudice, because viewing the evidence at trial in the light most favorable to the verdict, United States v. Sanchez, 691 F.2d 1169, 1173 (5th Cir. 1992), the evidence was sufficient to allow a rational trier of fact to conclude that Burns was guilty of the charged conduct. As to his complaint that his appellate counsel failed to raise a sufficiency of the evidence challenge on appeal, the magistrate judge again found that ample evidence of guilt was presented at trial and Burns failed to show any basis on which his counsel could have secured a reversal based on the factual insufficiency of the evidence.

Burns's objections as to both claims rest primarily on his objections to the testimony of Officer Wright, who testified at trial that as he approached the rear of the house where a reported methamphetamine operation was in progress, he heard someone running, the back door flew open, he announced as a

police officer and advised the individual to stop running, and he chased and tackled the individual, who turned out to be Burns. Burns objects that because Wright never testified that he actually saw applicant leaving the house, it is purely speculative or presumptive that he did so, and without the reasonable inference that he was in the house, the evidence was insufficient to sustain his conviction. In focusing on Wright's testimony, Burns ignores other evidence presented to the jury, such as: when Wright arrested him Burns had items commonly used in the manufacture of methamphetamine on his person; Burns stipulated at trial that items in the house demonstrated that methamphetamine was being cooked there; and a forensic scientist testified that substances in the house contained methamphetamine and weighed over 400 grams. Considering the weight of evidence presented at trial, Burns's counsel could have determined that raising a factual insufficiency challenge would be meritless. Counsel was not required to raise a meritless claim on appeal. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Considering the evidence presented at trial, Burns is similarly unable to show that he was prejudiced by his counsel's deficit performance on appeal. Burns has offered nothing as would

overcome the presumption of that his counsel provided reasonable professional assistance.

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS that the application of Burns for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED January 8, 2010.

_____
JOHN McBRYDE
United States District Judge